JOHN NOBLES v. THE STATE.

No. 4891. Decided February 13, 1918.

**1.—Aggravated Assault—Charge of Court—Dangerous Weapon.**

Where, upon trial of aggravated assault, the court charged on subdivision 3, article 1013, P. C., as to dangerous weapon, etc., which was wholly inapplicable to the facts of the case, the same was error.

**2.—Same—Self-defense—Charge of Court.**

Where, upon trial of aggravated assault, the evidence raised the issue of self-defense, which the court refused to submit to the jury, although requested to do so, the same is reversible error.

**3.—Same—Charge of Court—Intent to Injure.**

Where, upon trial of aggravated assault, the evidence raised the question whether the assault was made with intent to injure, the same should have been submitted to the jury as requested.

**4.—Same—Evidence—Intent to Injure.**

Where, upon trial of aggravated assault, defendant denied any intention to injure the party assaulted, testimony of said party and her daughters, to the effect that some few hours later defendant told her that she had better be careful or he would burst her jaws, etc., in an effort to induce her not to prosecute it, was admissible.

Appeal from the County Court of Hill. Tried below before the Hon. R. T. Burns.

Appeal from a conviction of aggravated assault; penalty, a fine of twenty-five dollars.

The opinion states the case.

*Collins, Morrow & Morrow,* for appellant.—On question of the court's refusal to charge on self-defense: Bedford v. State, 36 Texas Crim. Rep., 477; Christian v. State, 71 id., 566; McCandless v. State, 42 id., 58.

On question of court's failure to charge on question of intent to injure: Brown v. State, 42 Texas Crim. Rep., 417; Lee v. State, 47 id., 612; Tubbs v. State, 50 id., 143; Hubbard v. State, 56 id., 274; Floyd v. State, 29 Texas Crim. App., 341; Ware v. State, 24 id., 521; Dickenson v. State, 24 id., 121.

On question of court's charge on dangerous weapons: Taylor v. State, 47 Texas Crim. Rep., 122.

On question of admission of evidence of other transactions: Pollard v. State, 33 Texas Crim. Rep., 197; Jenkins v. State, 49 id., 457; McKinley v. State, 52 id., 182.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant has appealed from a conviction for aggravated assault.

The complaint and information charge an aggravated assault and battery, on the ground that appellant was an adult male and Jennie Howard, upon whom the assault is alleged to have been made, was a female. He was an adult male and she was a female.

It is unnecessary to detail the testimony. It is sufficient to state that the testimony by Jennie Howard, who was an old negro woman, was amply sufficient to establish that appellant committed an assault and battery upon her. Upon the other hand, that the testimony of the appellant was sufficient to show that the assault and battery he committed upon her was in his self-defense, and with no intention to injure her. Her testimony would also go to the extent of showing that the assault and battery committed upon her by appellant was not in his self-defense, but with the intent to injure her.

The court's charge was properly objected to by appellant in several particulars. The charge is in separate numbered paragraphs. The first tells the jury what an assault and battery is, quoting the statute, article 1008, Penal Code. In the second he tells the jury what is meant by coupled with an ability to commit as used in said article 1008, Penal Code, quoting the first two subdivisions of article 1013, Penal Code. In the third is quoted the third subdivision of article 1013. This paragraph of the court's charge should not have been given as it is wholly inapplicable to any question raised in the case. In the fourth he correctly told the jury in accordance with the statute (art. 1022, subdiv. 5) that an assault becomes aggravated when committed by an adult male upon a female. These portions and the remainder of the charge, we think, are correct and unobjectionable so far as they go.

However, the court refused to submit any charge at all on the subject of self-defense. In this there was error. The appellant not only objected to the court's charge because of this omission, but asked a correct charge in his charge No. 6, which should have been given.

The court should also have given appellant's special charge No. 4, on the subject, in substance, that even if he committed an assault upon her, but did not use any unlawful violence with intent to injure her, or if they had a reasonable doubt of such intention, to acquit him.

Appellant himself denied any intention to injure said female in the assault he committed upon her, and her testimony and that of her two daughters is to the effect that some few hours later appellant went to her house, and she forbade him entering and went in to get something to prevent his entry; he told her that she had better be careful or he would bust her jaws so they would ring like a church bell. He himself testified that he went to see her on this occasion to try to induce her not to prosecute him. This testimony by her and her daughters would tend, or was admissible for the purpose of showing that he did not strike her a few hours before with an innocent intention, but that he

was mad at the time and committed a battery upon her with intention to injure her.

No other questions are raised which require any discussion.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*